# UNITED STATES DISTRICT COURT
for the
District of Alaska

Petition for Summons for Person Under Supervised Release

| | | | |
|---|---|---|---|
| **Name of Defendant:** | Christopher Hatting | **Case Number:** | 3:18-CR-00062-003-SLG |
| **U.S. Marshals Service No.:** | 20352-006 | | |
| **Name of Judicial Officer:** | Honorable Sharon L. Gleason, Chief United States District Judge | | |
| **Date of Original Sentence:** | October 4, 2018 | | |
| **Original Offense:** | Counts 1, 1s, and 2s: Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d), all Class B felonies | | |
| **Original Sentence:** | 48 months imprisonment on each count, to run concurrently, followed by five years of supervised release | | |
| **Type of Supervision:** | Supervised Release | | |
| **Supervision Commenced:** | November 5, 2021 | | |
| **Assistant U.S. Attorney:** | Adam Alexander | **Defense Attorney:** | Randall S. Cavanaugh |

**PETITIONING THE COURT**

☐ To issue a warrant

☒ To issue a summons

The probation officer believes the defendant has violated the following condition(s) of Supervised Release:

| Violation Number | Nature of Non-compliance |
|---|---|
| 1 | The defendant violated the Mandatory Condition of Supervision "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court," The defendant admitted to using heroin on October 13, 2022, as evidenced by a signed admission form. This is a Grade C violation. |
| 2 | The defendant violated the Mandatory Condition of Supervision "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court," in that on October 17, 2022, the defendant submitted a drug test sample that tested positive for amphetamines and methamphetamine. The defendant admitted to using methamphetamine on October 13 and 14, 2022, as evidenced by a signed admission form. This is a Grade C violation. |
| 3 | The defendant violated the Mandatory Condition of Supervision "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court," the defendant admitted to using |

|   |   |
|---|---|
|   | methamphetamine and heroin on October 24, 2022, as evidenced by a signed admission form. This is a Grade C violation. |
| 4 | The defendant violated the Mandatory Condition of Supervision "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court," in that on November 21, 2022, the defendant submitted a drug test sample that tested positive for fentanyl, amphetamines, and methamphetamine. The defendant admitted to using heroin on November 17, 2022, as evidenced by a signed admission form. This is a Grade C violation. |
| 5 | The defendant violated the Mandatory Condition of Supervision "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court," in that on November 23, 2022, the defendant submitted a drug test sample that tested positive for fentanyl. The defendant denied use of the substance and the sample was packaged for submission to Abbott Laboratories. On December 3, 2022, the sample was confirmed as positive for fentanyl and norfentanyl, as evidenced by specimen number B04279565. This is a Grade C violation. |
| 6 | The defendant violated the Mandatory Condition of Supervision "You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution," in that the defendant has not made any payments toward his restitution requirement since August 17, 2022. This is a Grade C violation. |

**DECLARATION IN SUPPORT OF PETITION**

I, Michael McGovern, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Christopher Hatting, and in that capacity declare as follows:

On November 11, 2021, a Payment Instructions for a Criminal Debt was reviewed and signed with the defendant, informing him of his requirement to pay a special assessment fee of $300, and restitution in the amount of $22,417. The defendant satisfied his special assessment fee as of March 31, 2021, and began making payments toward his restitution requirement.

On October 14, 2022, the defendant reported to the U.S. Probation Office for a scheduled drug test. The defendant submitted a urine sample that was determined to be dilute and could not be accepted as a valid sample. The defendant was directed to report later in the day to submit a valid sample. The defendant returned as directed and upon speaking with the probation officer, advised that his sample would be positive because he had used heroin the day before, on October 13, 2022. The defendant stated that he had been picked up at the airport by an old associate and relapsed. The defendant signed an admission form detailing this use and did submit a urine sample; however, it was still dilute and could not be tested.

On October 17, 2022, the defendant reported to the U.S. Probation Office for a scheduled drug test. The defendant disclosed to the probation officer that he had not detailed the entirety of his substance use from the previous week. The defendant stated that he had used heroin and methamphetamine on the afternoon and evening of October 13 into the early morning hours of October 14, 2022. The defendant submitted a urine

sample that did test positive for amphetamines and methamphetamine and signed an admission form detailing this use.

On October 26, 2022, the defendant reported to the U.S. Probation Office for a scheduled drug test. The defendant submitted a urine sample that was determined to be dilute and could not be accepted as a valid sample. The defendant stated that he had used heroin and methamphetamine on Monday, October 24, 2022, after an argument with his girlfriend and signed an admission form detailing this use. The defendant was directed to report the following morning to submit a valid urine sample.

On October 27, 2022, the defendant reported to the U.S. Probation Office as directed to provide a valid sample. The defendant submitted a urine sample that tested positive for amphetamines and methamphetamine as he had advised it would.

On November 21, 2022, the defendant reported to the U.S. Probation Office for a scheduled drug test. The defendant submitted a urine sample that tested positive for fentanyl, amphetamine, and methamphetamine. The defendant told the probation officer that he had used heroin on November 17, 2022, after an argument with his girlfriend and was unsure of why his sample would be positive for fentanyl or amphetamines. The defendant signed an admission form detailing his use of heroin.

On November 23, 2022, the defendant reported to the U.S. Probation Office for a scheduled drug test. He submitted a urine sample that tested positive for fentanyl but did not admit to further use. The defendant advised that he had not used any substances since November 17, 2022, as he previously admitted. The sample was packaged for submission to Abbott Laboratories, which returned on December 3, 2022, as confirmed positive for fentanyl and norfentanyl, as evidenced by specimen number B04279565.

To date, $5351.12 has been collected towards his Court-ordered financial obligation, leaving an outstanding balance of $17,365.88. However, the defendant has not made any payments toward this balance since August 17, 2022.

**ADJUSTMENT TO SUPERVISION**

The defendant's term of supervised release began on November 5, 2021. Since that time, the defendant briefly resided in transitional housing before obtaining a stable residence. The defendant has gone through several periods of employment and as of July of 2022, has gained stable employment in Prudhoe Bay with Pollard Wireline Incorporated. This employment has been verified. He currently works on a two-week-on/two-week-off rotation, residing in Anchorage during his weeks off.

The defendant provided negative drug tests for approximately one year after his term of supervised release began. Recent struggles appear to have been initiated by a collapse in the defendant's prosocial networks and a toxic relationship with the mother of his child. The defendant has been accountable for his use and has actively sought help to treat his addiction.

The defendant was referred to Akeela for a substance abuse assessment on October 28, 2022. The assessment was completed and a recommendation for the defendant to attend intensive outpatient treatment was returned. Akeela worked with the defendant to schedule his treatment programming while he works in Prudhoe Bay. They were able to establish a system in which the defendant engages intensively during his time in Anchorage and focuses on 12-hour workdays during his rotations in Prudhoe Bay. The defendant began his period of intensive outpatient treatment on December 9, 2022.

PROB 12C
Petition for Summons for Defendant Under Supervised Release
Christopher Hatting 3:18-CR-00062-003-SLG

It is the respectful recommendation of the probation officer that the defendant be allowed to remain in the community to attend intensive outpatient treatment and continue his employment. This will afford the defendant the opportunity to continue his integration into the community and to develop the skills he requires to regain and maintain sobriety and develop prosocial and positive supports among his peers. Any further noncompliance will be reported to the Court without delay.

**RISK OF NONAPPEARANCE**

The defendant is a risk of nonappearance based on the following:

- Substance abuse history
- Mental health history
- Criminal history
- Pretrial services, probation, parole, or supervised release status and compliance

**RISK OF DANGER**

The defendant is a risk of danger based on the following:

- History or charge involving violence or domestic violence
- History of illegal weapons possession or use
- Criminal association
- Prior arrests and convictions
- Substance abuse history
- Mental health history
- Pretrial services, probation, parole, or supervised release status and compliance

**U.S. PROBATION OFFICER RECOMMENDATION:**

The term of Supervised Release should be:

☒ Revoked

☐ Extended for _____ year, for a total term of _____ years.

☐ The conditions of Supervised Release should be modified as follows

The defendant's criminal history category at the time of sentencing was III, and the aforementioned allegations are Grade C violations, which carry an advisory sentencing guideline range of five to eleven months. The defendant's statutory maximum is three years.

Executed this 19th day of January 2023 at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

*Michael McGovern*

Michael McGovern U.S.
Probation Officer
January 23, 2023

Approved by:

*[signature]*

Michael J. Castro
Supervisory U.S. Probation Officer

# UNITED STATES DISTRICT COURT
for the
District of Alaska

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case Number: 3:18-CR-00062-003-SLG |
| vs. | ) | |
| | ) | ORDER |
| CHRISTOPHER HATTING | ) | |

Based on the *Petition Summons for Defendant Under Supervised Release* filed on January 19, 2023, regarding the above-named defendant, **IT IS HEREBY ORDERED that**:

[ ]  A WARRANT FOR ARREST be issued and delivered to the U.S. Marshal's Service; and that the petition, probation officer's declaration, this order, and a copy of the warrant be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the defendant.

   [ ]  The petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

   **OR**

   [ ]  The petition for Supervised Release revocation is referred to the Honorable Chief United States District Judge Sharon L. Gleason (if available) for initial appearance/preliminary hearing(s), and evidentiary hearings. If the District Judge is unavailable, the matter is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).

[ ]  A summons be issued.

   [ ]  The petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

   **OR**

   [ ]  The petition for Supervised Release revocation is referred to the Honorable Chief United States District Judge Sharon L. Gleason (if available) for initial appearance/preliminary hearing(s), and evidentiary hearings. If the District Judge is unavailable, the matter is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).

[ ]  Other: _____

_____

_____

_____

ORDER

Christopher Hatting 3:18-CR-00062-003-SLG

Dated this ____ day of _____ 20__.

_____
Honorable Sharon L. Gleason
Chief United States District Judge